IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KTM AG,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 21-cv-1380<br><br>Judge John F. Kness |

**PLAINTIFF'S MOTION TO COMPEL FOR FAILURE TO COMPLY WITH COURT ORDER**

1. On March 12, 2021, Plaintiff filed a Complaint against the Defendants listed in Schedule A for Trademark Infringement and Counterfeiting (Count I), False Designation of Origin (Count II) and Violation of Illinois Uniform Deceptive Trade Practices Act (Count III) [Dkt. No. 1].

2. Plaintiff also filed a Motion for Entry of a Temporary Restraining Order ("TRO") and supporting Memorandum on March 12, 2021. [Dkt. Nos. 8, 9].

3. April 13, 2021, this Court granted Plaintiff's Motion for Entry of a TRO [Dkt. Nos. 22, 23].

4. On April 16, 2021, Plaintiff provided a copy of the TRO and subpoena to Aliexpress and Alipay directing them to "[r]estrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court." (¶ 6(b), Exhibit 1-Temporary Restraining Order).

5. On April 22, 2021, Plaintiff filed a Motion to Extend the TRO. [Dkt. No. 24].

6. The Court granted Plaintiff's Motion to Extend the TRO on April 29, 2021. [Dkt. Nos. 25, 26].

7. Having not received a confirmation from Aliexpress and Alipay that they had complied with the terms of the TRO, counsel for Plaintiff contacted the Aliexpress and Alipay on May 3, 2021.

8. Plaintiff sent a follow-up email to Aliexpress and Alipay regarding their compliance with the terms of the TRO on May 6, 2021.

9. On May 6, 2021, Plaintiff filed a Motion for Entry of a Preliminary Injunction and supporting Memorandum. [Dkt. Nos. 28, 29].

10. On May 10, 2021, Aliexpress and Alipay requested Plaintiff to provide the evidence of infringement for the accounts listed in Schedule A.

11. The Court granted Plaintiff's Motion for Entry of a Preliminary Injunction on June 1, 2021. [Dkt. Nos. 35, 36].

12. On October 6, 2021, the Court granted Plaintiff's Motion for Default and Entry of a Default Judgment Order ("Final Judgment Order"). [Dkt. No. 46].

13. The Final Judgment Order directed third-party platform providers Aliexpress and Alipay to "…permanently restrain and enjoin any accounts connected to Defaulting Defendants, identified in Amended Schedule A from transferring or disposing of any money or other Defaulting Defendants' assets." (¶ 6, Exhibit 2-Final Judgment Order).

14. After having reviewed the evidence of infringement, Aliexpress and Alipay contacted Plaintiff on February 2, 2022, stating that Plaintiff had "… not provided sufficient evidence of trademark infringement that warrants freezing these seller-defendants' account" and that Aliexpress and Alipay would unfreeze the accounts on February 10, 2022. (Exhibit 3- February 2, 2022 email from Aliexpress/Alipay)

15. Plaintiff objects to the proposed actions by the third-party platforms Aliexpress and Alipay as they are proposing to take actions in contradiction to those previously ordered by this Court and beyond the scope of their authority.

16. Plaintiff requests the Court to direct third-party platforms Aliexpress and Alipay to comply with the Court's Orders.

17. The facts of this case are similar to those in 19-cv-6838, *Kawada Co., Ltd. v. The Partnerships et al.* In *Kawada,* third-party platform ContextLogic, Inc. ("Wish") moved to intervene and oppose Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 41]. Judge Lee determined that "[i]t is difficult for the Court to see how Wish would have standing to dispute plaintiff's claims or how Wish would be injured in the event that defendants chose not to defend against plaintiff's allegations and rather elect to default on plaintiff's claims here" and that "[t]he Court finds that Wish lacks standing to interject itself into the merits of plaintiff's Lanham Act claims against the defendants." (Lines 4-11, pg. 22 Exhibit 4-Transcript of 12/18/2019 Hearing [Dkt. No. 70]).

18. Judge Lee further stated that "[t]he solution is not for marketplace providers or payment processors like Wish or PayPal to come into court to defend the interests of defendants. The solution is that if the defendants disagree with either the scope of the injunction or the merits of the claims, defendants themselves come in and defend against those actions here in court. They leave themselves open to the jurisdiction of this Court by selling their wares into this District. The Court has jurisdiction over them. They should come and defend their interests." (Lines 5-14, pg. 24, Exhibit 4).

19. By requiring Plaintiff to file a Motion to Compel in order to enforce compliance with the Court's previous Orders, Aliexpress and Alipay have engaged in conduct sanctionable

under Rule 11 and should compensate Plaintiff for bringing the present Motion including any other sanctions this Court deems appropriate.

Respectfully submitted,

Dated: February 9, 2022

By: <u>s/Michael A. Hierl</u>
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
KTM AG

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Motion was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on February 9, 2022.

                                                     s/Michael A. Hierl